UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kenneth D. THOMAS,<br><br>                            Plaintiff,<br>vs.<br><br>J. HILL, et al.,<br><br>                         Defendants. | Case No.: 3:24-cv-1528-AGS-MSB<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2);**<br><br>**(2) DISMISSING COMPLAINT UNDER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

Plaintiff Kenneth Thomas, an inmate representing himself, has filed a civil-rights complaint under 42 U.S.C. § 1983. (ECF 1.) He alleges defendants violated his constitutional rights by denying him an "Alternative Custody Placement" and improperly calculating his sentence. (ECF 1 at 3.) For the reasons discussed below, the Court grants plaintiff's motion to proceed without prepayment of the filing fee and dismisses the complaint without prejudice for failure to state a claim.

## MOTION TO PROCEED IN FORMA PAUPERIS

Generally, parties instituting civil actions in federal court must pay fees of $405, including a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed *in forma pauperis* (IFP) based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Plaintiffs granted leave to proceed IFP need not pay the $55 administrative fee, *see* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023), but they must eventually repay the entire $350 filing fee in installments, regardless of whether their action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*,

577 U.S. 82, 84 (2016).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Unless the inmate has no assets, the Court relies on the certified trust account statement to assess an initial payment of 20% of the greater of: (a) "the average monthly deposits" to the account or (b) "the average monthly balance in the prisoner's account" for that same six-month time period. *See* 28 U.S.C. §§ 1915(b)(1) & (4).

In support of his IFP motion, Thomas provided a signed copy of his prison certificate, which shows that, in the six months before he filed suit, Thomas had an average monthly balance of $0 and average monthly deposits of $0. (ECF 2, at 4.) Also, at the time he filed suit, he had an available account balance of $0. (*Id.*) Accordingly, the Court **GRANTS** the IFP motion. While the Court assesses no initial payment, Thomas must pay the full $350 filing fee in installments as set forth in 28 U.S.C. § 1915(b)(2).

## SCREENING

A.   **Legal Standard**

The Court must screen Thomas's complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). That is, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to

state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

**B.    Plaintiff's Allegations**

Thomas alleges he is a "non-violent inmate" who falls "under AB-109 and Pro[positions] 47 and 57." (ECF 1 at 3.) He thus asked for an Alternative Custody Placement, was "accepted" into "Jericho Project," but was later denied placement there due to unspecified "discrimination." (*Id.*)

Thomas alleges unnamed individuals at the Women and Children Services Unit "called" Jericho Project "lied" about him, causing his acceptance to be rescinded. (*Id.*) Thomas also appears to allege that prison officials failed to properly calculate his sentencing credits and that, "if [his] time was calculated right[,] [he] would be home already." (*Id.*) He seeks $1,000 in money damages for "every day" he is incarcerated. (*Id.*)

**C.    Discussion**

Thomas is suing Richard J. Donovan Correctional Facility and Warden J. Hill, in his official capacity as the warden of that prison. Thomas lists several constitutional amendments as the bases for his claims, including the First, Fifth, Eighth, Eleventh, and Fourteenth Amendments. (ECF 1, at 3.) He also references California Penal Code § 1170 and California Propositions 47 and 57. (*Id.*)

**1.   *Eleventh Amendment Immunity***

The Eleventh Amendment bars Thomas' claims. Federal courts are prohibited from hearing a 42 U.S.C. § 1983 lawsuit in which damages are sought against a state, its agencies, or individual prisons, absent "a waiver by the state or a valid congressional override" of Eleventh Amendment immunity. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). And California has not waived this immunity with respect to § 1983 claims brought in federal court. *Id.* at 1025–26. Thus, Richard J. Donovan Correctional Facility must be dismissed as a defendant.

Eleventh Amendment immunity also extends to Hill, who is sued only in his official capacity as the prison warden. "[A] suit against a state official in his or her official capacity

is not a suit against the official but rather is a suit against the official's office." *Michigan State Police Dep't v. Will*, 491 U.S. 58, 71 (1989). Thus, suits for money damages against state officials acting in their official capacity are barred by the Eleventh Amendment. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) (mandating dismissal of claims that seek "monetary relief from a defendant who is immune from such relief"). *Compare Hafer v. Melo*, 502 U.S. 21, 31 (1991) ("[S]tate officials, sued in their *individual* capacities, are 'persons' within the meaning of § 1983." (emphasis added)); *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, [plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution.").

Thus, the Court dismisses Thomas's claims against Hill in his official capacity and against Donovan prison. Those dismissals are without leave to amend, as these claims are barred by the Eleventh Amendment.

**2. Failure to State a Claim**

In addition to the foregoing reasons, the complaint must be dismissed for failing to state a claim.

a. *Alternative Custody Placement*

First, Thomas's failure to receive an alternative custody placement at Jericho Project does not rise to a constitutional violation. "The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). In fact, a State may constitutionally "confine [an inmate] in *any* of its prisons." *Id*. Nor does a prisoner have a "constitutional right to a particular classification status." *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987).

Even viewed through the prism of equal protection, Thomas's custody-placement allegations do not state a claim. The Fourteenth Amendment's Equal Protection Clause generally requires that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Plaintiffs may state an equal-protection claim by alleging they were (1) intentionally discriminated against based

on their membership in a protected class, *see Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or (2) intentionally treated differently from similarly situated individuals without a rational basis, *see Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). But Thomas merely alleges he was "discriminated against," without specifying any protected-class membership nor differential treatment from similarly situated inmates. (ECF 1 at 3.)

    b. *Sentence Calculation*

Similarly, Thomas has not stated a constitutional claim for money damages regarding the improper calculation of his sentencing credits, even though he asserts that he should have already been released. A § 1983 civil action "is barred if success in the action would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Lemos v. County of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)). In this case, Thomas "indirectly seeks a judicial determination that necessarily implies the unlawfulness" of the duration of his sentence. *See Hebrard v. Nofziger*, 90 F.4th 1000, 1011 (9th Cir. 2024) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)). Because Thomas "plainly calls into question the proper duration of his confinement," he must have his conviction overturned on appeal or "proceed in habeas first before he can request damages under § 1983." *Hebrard*, 90 F.4th at 1011–12.

    c. *State Criminal Laws*

Finally, Thomas cannot state a § 1983 claim by relying on California Penal Code § 1190, Proposition 47 (codified at California Penal Code § 1170), and Proposition 57 (codified at Article I, Section 32 of the California Constitution). "Generally, criminal statutes do not confer private rights of action." *Bailey v. Clarke*, No. 12-cv-1100-IEG (KSC), 2012 WL 6720628, at *2 (S.D. Cal. Dec. 21, 2012); *see also Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming dismissal of civil claims premised on the California Penal Code and California Health and Safety Code, as "these code sections do not create enforceable individual rights"). And none of these state provisions

1 create a private cause of action nor a basis for civil liability. *See, e.g., Stewart v. Borders*, No. EDCV 19-1369-MWF (KS), 2019 WL 3766557, at *5 (C.D. Cal. Aug. 9, 2019) ("Section 1983 complaints challenging the CDCR's application of Proposition 57 failed to allege a cognizable claim under Section 1983 because the crux of the[] complaints concerned an alleged violation of state law.").

### D.  Leave to Amend

"A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Because Thomas is self-represented, he may amend his complaint. If Thomas elects to amend, he should separate his allegations by legal claims. For example, if Thomas were to bring claims asserting violations of the First, Eighth, and Fourteenth Amendments, he should separate each violation into different counts by its constitutional cause of action. For each count (or cause of action), Thomas should then identify the specific acts committed by specific defendants that form the basis for that count or cause of action.

## CONCLUSION AND ORDER

Accordingly, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

2. The Secretary of the California Department of Corrections and Rehabilitation, or the Secretary's designee, must collect the $350 filing fee owed in this case through monthly payments from Thomas's account in an amount equal to 20% of the preceding month's income and must forward those payments to the Clerk of the Court each time the amount in the account exceeds $10. *See* 28 U.S.C. § 1915(b)(2). All payments must clearly identify the name and case number assigned to this action.

3. The Clerk of the Court must serve a copy of this Order by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov or by U.S. mail to Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California 94283-0001.

4. All claims against defendant Hill (in his official capacity) and defendant

Richard J. Donovan Correctional Facility are **DISMISSED** as barred by the Eleventh Amendment.

5. The Complaint is **DISMISSED** in its entirety for failing to state a claim.

6. By March 13, 2025, plaintiff Thomas must file any first amended complaint, which cures the deficiencies noted in this Order. Any such first amended complaint must be complete by itself without reference to Thomas's original Complaint. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not re-alleged in an amended pleading may be "considered waived if not repled").

If Thomas fails to timely file a first amended complaint, the Court will enter a final Order dismissing this civil action based on the dismissal rationales above, *see* 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and failing to prosecute in compliance with a court order, *see Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Dated:  January 27, 2025

_____
Hon. Andrew G. Schopler
United States District Judge