UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kenneth D. THOMAS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>J. HILL, RJD Prison,<br><br>　　　　　　　　　　Defendants. | Case No.: 24-cv-1528-AGS-MSB<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 4) AS MOOT AND**<br><br>**(2) DENYING MOTION FOR RECONSIDERATION (ECF 5)** |

Plaintiff Kenneth Thomas, an inmate representing himself, brings a civil-rights claim against his prison and its warden under 42 U.S.C. § 1983. On January 27, 2024, the Court granted Thomas's request to proceed without prepaying the filing fee due to poverty but dismissed his original complaint for failure to state a claim. (ECF 3.) The Court granted Thomas leave to file an amended complaint. (*Id.* at 7.) Instead, Thomas filed a motion for reconsideration. (*See* ECF 4.) On the same day he also filed another motion to proceed without prepaying the filing fee. (ECF 5.)

## DISCUSSION

First, Thomas's new motion to proceed without prepaying the filing fee is denied as moot because the Court has already granted him leave to proceed without prepayment. (*See* ECF 3.)

Second, in his motion for reconsideration, Thomas appears to argue the Court erroneously dismissed his original complaint, in which he alleged he had been improperly denied participation in an alternative custody program. (*See* ECF 5.) Thomas claims the California Department of Corrections and Rehabilitation has improperly calculated his sentence and applicable credits based on "discrimination." (*Id.* at 10.) And he alleges that, as a result, the CDCR has prevented him from participating in an alternative custody placement and denied him an "opportunity to get out early." (*Id.* at 8.)

A district court has inherent jurisdiction to modify, alter, or revoke a prior order.

1  *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). Reconsideration of a prior
2  order is proper "if the district court (1) is presented with newly discovered evidence,
3  (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an
4  intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,
5  1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in
6  the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*,
7  342 F.3d 934, 945 (9th Cir. 2003).
8      Thomas has not presented newly discovered evidence, alleged clear error, or an
9  intervening legal change. He instead vaguely repeats the assertions made in his original
10 complaint. "A party seeking reconsideration must show more than a disagreement with the
11 Court's decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131
12 (E.D. Cal. 2001) (cleaned up). Therefore, the motion is denied.

## CONCLUSION

14     Plaintiff's motion to proceed in forma pauperis is **DENIED as moot**, and his motion
15 for reconsideration is **DENIED**.
16     The Court sua sponte **GRANTS** plaintiff an extension of time to file an amended
17 complaint, if he so chooses, by **July 11, 2025**. The amended complaint must be complete
18 by itself without reference to the original complaint. *See* S.D. Cal. CivLR 15.1. Any claims
19 dismissed with leave to amend that are not re-alleged in an amended pleading may be
20 "considered waived if not repled." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir.
21 2012).

If Thomas fails to timely file an amended complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and failure to prosecute in compliance with a court order. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Dated: May 20, 2025

_____
Hon. Andrew G. Schopler
United States District Judge